IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALEXUS WILSON, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| SATNAM FOODS, LLC d/b/a ) | |
| GEORGIA DINER, ) | |
| ) | |
| Defendant. ) | |
| _____ | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Alexus Wilson ("Plaintiff"), by and through undersigned counsel, and files this Complaint under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") against Defendant Satnam Foods, LLC d/b/a Georgia Diner ("Defendant") and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant has been engaged in business in Georgia and in this District at all times material hereto. Defendant is subject to jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Varinderjit K. Bagga, 6375 White Stone Place, Duluth, Georgia 30097.

## FACTUAL ALLEGATIONS

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).

7.

Upon Plaintiff's request, the EEOC issued a "Notice of Right to Sue" on January 13, 2022, entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

9.

Defendant is now, and at all times relevant hereto, has been an employer subject to Title VII.

10.

Plaintiff began working for Defendant on or about November 3, 2021, as a server.

11.

Upon starting the job, the sister of the company's owner and the manager that hired Plaintiff, approached Plaintiff and stated she had not seen the size of Plaintiff's belly when she hired Plaintiff and thus had not known that Plaintiff was pregnant when she hired Plaintiff.

12.

Plaintiff's manager then told Plaintiff that she was a liability because she was pregnant and terminated Plaintiff's employment.

13.

Any reason given by Defendant for terminating Plaintiff's employment is pretext for unlawful discrimination based on Plaintiff's gender (pregnancy).

14.

In terminating Plaintiff because of her protected characteristic under Title VII, Defendant violated Title VII and Plaintiff's rights thereunder.

15.

As a result of Defendant's unlawful actions, Plaintiff has suffered, *inter alia*, pecuniary and non-pecuniary losses for which she is entitled to recover from Defendant.

## **CLAIM FOR RELIEF**

## **VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

16.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

17.

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of sex.

18.

When it adopted the Pregnancy Discrimination Act, Congress amended Title VII to provide that discrimination on the basis of sex includes discrimination "on the basis of pregnancy, childbirth, or related medical conditions."

19.

At all times relevant, Plaintiff was a member of a protected class.

20.

Plaintiff was qualified to perform her position.

21.

Plaintiff's was terminated because of her protected characteristic(s), to wit: pregnancy.

22.

In terminating Plaintiff, Defendant discriminated against Plaintiff, in violation of Title VII.

23.

As a result of Defendant's unlawful actions, Plaintiff has suffered, among other things, pecuniary and non-pecuniary losses for which she is entitled to recover

from Defendant. Among other things, Plaintiff has suffered lost wages and emotional distress. Defendant's unlawful actions were willful and done in reckless disregard for Plaintiff's protected rights. Plaintiff is entitled to an award of punitive damages.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a)  Special damages, back-pay, lost benefits and prejudgment interest thereon;

(b)  Compensatory damages;

(c)  Punitive damages;

(d)  All equitable relief available, such as reinstatement or front-pay in lieu thereof,

(e)  All relief available under Title VII;

(f)  Reasonable attorney's fees and expenses of litigation;

(g)  Trial by jury as to all issues so triable;

(h)  Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(i)  All other relief to which she may be entitled.

This 24th day of February, 2022.

**BARRETT & FARAHANY**

*s/ V. Severin Roberts*
V. Severin Roberts

                          Georgia Bar No. 940504

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
Severin@justiceatwork.com